IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) **AMENDED ORDER GRANTING MOTION FOR** |
|  | ) **RELEASE** |
| vs. | ) |
| Jessica Lynn Borchelt, | ) Case No. 1:22-cr-172 |
| Defendant. | ) |

On May 1, 2023, the court issued an order conditionally releasing Defendant to an address in the Bismarck/Mandan metropolitan approved by the Pretrial Services Officer. (Doc. No. 32). On August 22, 2023, the court issued an order modifying Defendant's release conditions to allow her to move to an approved address in Colorado. (Doc. No. 70).

In January 2024 the Parties executed a plea agreement. (Doc. No. 77). Defendant also consented to the initiation of a pre-sentence investigation in advance of her plea and sentencing hearing, which has been continued to March 3, 2025. (Doc. Nos. 84, 135, and 136).

On October 16, 2024, Defendant was charged in a petition with violating her conditions of pretrial release. (Doc. No. 126). Following a hearing on the petition on October 28, 2024, finding there was a basis to revoke Defendant's release and that there were no viable alternatives to detention, the court remanded Defendant to the custody of the United States Marshal. (Doc. Nos. 132 and 133).

On January 3, 2025, Defendant filed a Motion for Release from Custody. (Doc. No. 138). She advises that has been accepted into a residential treatment program at Providence House's facility in Minot, North Dakota, and that Providence House staff will arrange for her transport. She

1

requests to be released on January 9, 2025, so that she can travel to and participate in Providence House's treatment program.

There being no objection from the United States, the Court **GRANTS** Defendant's motion (Doc. No. 138). Defendant shall be released to Providence House staff or other person(s) approved by the Pretrial Service Office at 9:30 AM on January 9, 2025, for transport to Providence House's facility in Minot. Defendant's release shall be subject to the following conditions:

(1) Defendant shall not violate federal, state, tribal, or local law while on release.

(2) Defendant shall appear in court as required and surrender for any sentence imposed.

(3) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test.

(4) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(5) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(6) Defendant shall not knowingly or intentionally have any direct or indirect contact with witnesses or co-defendants, except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(7) Defendant shall reside at Providence House, fully participate in its treatment programming, and comply with all of its rules and regulations.

(8) Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Providence House OR to communicate with Providence House staff about her progress in the treatment program.

Any passes allowed by Providence House must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from Providence House, she must immediately surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment programming, Defendant must advise the Pretrial Services Officer of her anticipated completion date so the court may schedule a hearing to review her release status.

If Defendant successfully completes the treatment program, the Pretrial Services Officer may approve Defendant's transition to an appropriate sober living home.

(9) Defendant shall submit her person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of her release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(10) Defendant shall not obtain a passport and other foreign travel document(s).

(11) Defendant must report as soon as possible, to the Pretrial Service Office or her supervising Pretrial Service Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

    (12)    Within 24 hours of her arrival at Providence House, Defendant shall contact Pretrial Services Officer Skylar Soupir at (701) 530-2416.

If Defendant cannot be transported to Providence House as anticipated on January 9, 2025, she shall remain in custody pending further order.

**IT IS SO ORDERED.**

Dated this 8th day of January, 2025.

                                                                                */s/ Clare R. Hochhalter*
                                                                                Clare R. Hochhalter, Magistrate Judge
                                                                                 United States District Court